# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SUSANNE PACE, on behalf of themselves and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>LANDMARK BANK, )<br><br>Defendant. ) | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Simmons Bank ("Simmons"), successor by merger to Landmark Bank ("Landmark"),[1] hereby provides notice of the removal of the above-captioned case from the Circuit Court of Boone County, Missouri to the United States District Court for the Western District of Missouri. The grounds for removal are as follows:

**A.   INTRODUCTION**

1. On May 13, 2021, Plaintiff filed a Class Action Complaint with the Circuit Court of Boone County, Missouri (the "Complaint") in an action captioned *Susanne Pace v. Landmark Bank*, Case No. 21BA-CV01667. The Complaint is attached hereto as **Exhibit A**.

2. Plaintiff asserts a breach of contract claim challenging Landmark's assessment of $29 non-sufficient funds fees or overdraft fees when merchants allegedly re-submitted previously-rejected payment requests and Landmark again returned the requests or paid the requests into overdraft if accounts continued to lack sufficient funds. Plaintiff asserts a claim on behalf of

---

[1] Although Plaintiff names Landmark as the Defendant, Landmark no longer exists following its merger into Simmons as of February 15, 2020. *See, e.g.,* FDIC, BankFind, https://banks.data.fdic.gov/bankfind-suite/bankfind/details/4537. Simmons reserves any and all rights to challenge the naming of "Landmark Bank" as a defendant in this lawsuit.

1

herself and all Landmark checking account holders who were charged the challenged fees. Compl. ¶ 58.

3. As shown below, this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2). As a result, the case can be removed by Simmons, as successor to Landmark, to federal district court pursuant to 28 U.S.C. § 1441(a).

4. Simmons intends no admission of liability or amount of damages by this notice and expressly reserves all defenses, motions, and arguments, including without limitation requests to compel arbitration and challenges to the sufficiency of Plaintiff's pleadings.

**B. SUBJECT MATTER JURISDICTION**

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The action satisfies the requirements of § 1332(d)(2) because it is a class action in which at least one member of the putative class is a citizen of a State different from Simmons and the matter in controversy exceeds $5 million (as discussed more fully below),[2] exclusive of interest and costs. And the action does not fall within any of the circumstances described in 28 U.S.C. § 1332(d)(5) & (9) that preclude application of § 1332(d)(2).

6. Many members of the putative class are citizens of a State different from Simmons. *See* 28 U.S.C. § 1332(d)(2)(A). Simmons is an Arkansas chartered bank, incorporated in Arkansas, with its headquarters in Pine Bluff, Arkansas, and is thus an Arkansas citizen.[3] On

---

[2] By alleging that the amount in controversy exceeds $5 million, Simmons does not concede that Plaintiff and the putative class have actually incurred more than $5 million in damages and reserves the right to challenge any damages calculations offered by Plaintiff.

[3] Because Landmark no longer exists, the citizenship of Simmons—Landmark's successor—governs for jurisdictional purposes. *See Salerno v. Centaur Bldg. Servs., Inc.*, 2021 WL 1820224, at *2-3 (E.D. Mo. May 6, 2021); *Kuehl v. Jefferson Pilot Fin.*, 2012 WL 5463907, at *4-5 (D. Neb. Nov. 8, 2012), *report and recommendation adopted* 2012 WL 5960194 (D. Neb. Nov. 28, 2012); *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548 (7th Cir. 1975).

2

SPR 17506415.1

Case 2:21-cv-04119-BCW   Document 1   Filed 06/11/21   Page 2 of 5

information and belief, Plaintiff is a citizen of Missouri and the putative class includes citizens of Missouri, Texas, and Oklahoma. *See* Compl. ¶ 4 (alleging that Plaintiff is a resident of Missouri); *id.* ¶¶ 5, 58 (Landmark operated in Missouri, Texas, and Oklahoma and the class definition encompasses Landmark customers regardless of geography.).

7. While the exact amount of allegedly improper non-sufficient funds fees and overdraft fees at issue will be the subject of expert discovery, the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2), (6).[4]

8. Plaintiff seeks to represent a multi-state class of "[a]ll Landmark Bank checking account holders" who were charged purportedly improper $29 non-sufficient funds fees and overdraft fees during the applicable statute of limitations. Compl. ¶ 58. Plaintiff alleges that the class contains "thousands" of members. *Id.* ¶ 61. Plaintiff herself alleges that she was charged at least three improper $29 fees. *Id.* ¶¶ 36-49.

9. In the five years leading up to Landmark's merger with Simmons (2015-19), Landmark charged account holders non-sufficient funds fees and overdraft fees totaling approximately $11.4 million to $12.2 million annually.

10. In similar overdraft fee litigation against Simmons, Plaintiff's counsel has asserted that the applicable statute of limitations for breach of contract claims under Missouri law is ten years. *See* Mo. Ann. Stat. § 516.110 (ten-year limitations period for "[a]n action upon any writing … for the payment of money or property"). Simmons disagrees, and believes that the applicable statute of limitations is five years. *See* Mo. Ann. Stat. § 516.120 (five-year limitations period for "[a]ll actions upon contracts, obligations or liabilities, express or implied"). But for purposes of determining the amount in controversy, the sole relevant consideration is that Plaintiff is seeking

---

[4] *See* Note 2 *supra.*

to recover allegedly improper non-sufficient funds fees and overdraft fees charged by Landmark going back ten years.

11. Given the time period allegedly at issue, the fact that Landmark charged account holders non-sufficient funds fees and overdraft fees totaling approximately $11.4 million to $12.2 million annually from 2015-19, and additional amounts going back to 2011, is by itself sufficient to establish that at least $5 million is in controversy in this case. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013).

12. Section 1332(d)(5) does not preclude jurisdiction. No governmental entity is a defendant. And the putative class allegedly contains at least 100 members. Compl. ¶ 61.

13. Section 1332(d)(9) does not preclude jurisdiction. This case does not relate to securities or the internal affairs or governance of a business enterprise.

C. **PROCEDURAL COMPLIANCE**

14. This Notice of Removal was properly filed in the United States District Court for the Western District of Missouri because Plaintiff's state court Complaint is pending in the Circuit Court of Boone County, Missouri, which is within this federal judicial district. 28 U.S.C. § 1441(a).

15. Simmons was served with Plaintiff's Complaint on May 18, 2021, and did not previously receive a copy of the Complaint by other means. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1) (notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise" of the complaint).

16. As required by 28 U.S.C. § 1446(d), Simmons will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Boone County, Missouri, and serve copies of the same on all parties to this action.

SPR 17506415.1

WHEREFORE, Defendant Simmons Bank, successor by merger to Landmark Bank, respectfully requests that its Notice of Removal be deemed good and sufficient and for this Court to exercise subject matter jurisdiction over this removed action.

Dated: June 11, 2021

Respectfully submitted,

   */s/ Jason C. Smith*
Jason C. Smith, MO Bar No. 57657
SPENCER FANE LLP
2144 E. Republic Road, Suite B300
Springfield, MO 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com

Joe Bednar, MO Bar No. 33921
SPENCER FANE LLP
304 East High Street
Jefferson City, MO 65101
Springfield, MO 65804
Telephone: 573-634-8115
Facsimile: 573-634-8140
jbednar@spencerfane.com

Debra Bogo-Ernst (*pro hac vice forthcoming*)
Lucy Holifield (*pro hac vice forthcoming*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 Telephone
(312) 701-7711 Facsimile
dernst@mayerbrown.com
lholifield@mayerbrown.com

*Attorneys for Simmons Bank, Successor by Merger to Landmark Bank*